Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3544 | **DATE** | 3/13/2002 |
| **CASE TITLE** | William E. Dugan, et a. vs. Spivey Industries, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/23/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to vacate order (11-1) is granted. Defendant's motion to dismiss for improper service (11-2) and to dismiss for lack of jurisdiction (11-3) is granted. Leave of court is given to the plaintiffs' to refile action on or before March 7, 2002. Responsive pleading due April 17, 2002. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 1 4 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 17 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB courtroom deputy's initials | | 02 MAR 13 PM 2:42 | |
| | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WILLIAM E. DUGAN, et al.,

    Plaintiffs,

    -vs.-

SPIVEY INDUSTRIES, INC., an Illinois corporation,

    Defendant.

No. 00 C 3544    MAR 1 4 2002

Senior Judge George W. Lindberg

DOCKETED

## MEMORANDUM OPINION AND ORDER

Defendant, Spivey Industries, Inc. moves to vacate the Court's default order of August 8, 2000 and to dismiss for improper service and lack of personal jurisdiction. For the reasons listed below, the Court grants defendant's motion to vacate the default order and defendant's motion to dismiss for improper service and lack of personal jurisdiction.

**Background**

On June 13, 2000, plaintiffs filed a complaint against the defendant alleging that defendant breached its obligations under the terms of a collective bargaining agreement, in violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 34. The agreement was signed by Billy J. Spivey, Jr. and two representatives from the International Union of Operating Engineers, Local 150. According to the Proof of Service, Billy J. Spivey, Jr. was served on June 28, 2000. On July 26, 2000, the plaintiffs filed a Motion for an Order of Default. On August 8, 2000, the Court entered an Order of Default against the defendant for failure to appear and file responsive pleadings, finding that (1) the defendant was

00 C 3544

bound by all the terms and conditions set forth in the collective bargaining agreement referred to in the plaintiffs' complaint as well as the Agreements and Declarations of Trust governing plaintiffs' funds, (2) defendant was obligated to make contributions to each of the plaintiffs' funds in accordance with the collective bargaining agreement and (3) directing an audit of the defendant's books and records. Over the next few months, some of the documents requested by plaintiffs were produced by defendant for plaintiffs' review.

Defendant states it did not receive notice of plaintiff's complaint or the Order of Default of August 8, 2000 until mid-November 2000 when Billy J. Spivey, Sr. received a letter from plaintiff's attorney. After Billy J. Spivey, Sr. received the letter on November 17, 2000 he hired an attorney to represent Spivey Industries, Inc. in its dispute with plaintiff. On March 8, 2001 Spivey Industries, Inc. filed a Chapter 11 bankruptcy petition in the Northern District of Illinois, which issued an automatic stay prohibiting plaintiffs from prosecuting the action in U.S. District Court. On April 30, 2001, plaintiffs received notice of defendant's petition for protection under Chapter 11, and plaintiffs filed a Notice of Dismissal with this Court. On December 26, 2001, the bankruptcy court dismissed defendant's Chapter 11 petition. On January 16, 2002, plaintiffs' appeared in court and presented a Motion to Reinstate this matter. Defendant then appeared in court through its attorneys and requested leave to file its Motion to Vacate the Default Order of August 8, 2000 and Quash Service.

**Analysis**

The Court finds that plaintiffs' service of process on the defendant did not comply with Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h)(1) of the Federal Rules of Civil

2

00 C 3544

Procedure states that service upon a domestic corporation is effective if served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires. . .." The Proof of Service shows that plaintiffs' complaint and summons were served upon Billy J. Spivey, Jr. Defendant has shown that Billy J. Spivey, Sr. was the only Registered Agent and the only officer at the time of service. Plaintiff has not demonstrated to the contrary that Billy J. Spivey, Jr. is, or was at the time of service, an officer of Spivey Industries or an agent authorized to accept service on behalf of Spivey Industries. In order to have effectively served the defendant, plaintiffs must have served a summons and complaint to an officer, managing or general agent, or an agent appointed by law. Plaintiffs have not convinced the Court that Billy J. Spivey, Jr. held any of these aforementioned positions. Therefore, the requirements for proper service under Rule 4(h)(1) have not been met.

Improper service destroys a court's personal jurisdiction, making any judgment or order issued against the improperly served party void. Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 50 (N.D.Ill.1989). Where the basis for relief is that the judgment is void, and it is so proven to be, the court lacks discretion and must grant relief. See Textile Banking Co., Inc. v. Rentschler, 657 F. 2d 844, 850 (7th Cir. 1981); see also Rule 60(b) of the Federal Rules of Civil Procedure. Moreover, Rule 60(b)'s requirement that motions be made within a reasonable time does not apply to void judgments, which may be challenged at any time.

00 C 3544

ORDERED: The default order is void and vacated. Defendant's motion to dismiss for improper service and lack of personal jurisdiction is granted without prejudice.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: **MAR 1 3 2002**

4